Since I disagree with the majority of this panel in regard to the resolution of two of the assignments of error, I respectfully dissent in part.
First, I dissent with respect to the sixth assignment of error. Defense counsel must be permitted to participate in the process of determining what statements should be available to counsel for use in cross-examination. The trial judge should not make this determination out of the presence of counsel for several reasons. First, the judge may not fully realize the significance of a discrepancy between a witness's previous statement and the testimony in court. The judge has not spent the amount of time investigating the case and preparing for trial that counsel has. Further, the trial judge may not have been listening as carefully to the testimony of the witness in court, due to distraction and other factors.
A summary of a witness's prior statement which materially deviates from in-court testimony should be provided whether the summary is a statement or not. Either way, the content of the summary is "*** evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment ***" for purposes of Crim.R. 16(B)(1)(f). Crim. R. 16(D) imposes on the prosecution a continuing duty to disclose such evidence when discovered "before or during" trial. A failure to enforce this duty strikes at the very core of the fairness we expect to be present in our criminal trials.
I also believe that the trial court erred in finding the evidence sufficient to support a conviction for murder, as opposed to involuntary manslaughter with a firearm specification. The evidence simply did not demonstrate that Mr. Brust acted with a purpose to kill.
In his statements prior to the shooting, Mr. Brust never threatened to kill anyone. Instead, Mr. Brust stated that he was going back to confront the people who had earlier pulled a gun on him and that he was going to get his money or his drugs. The fact that he returned with a firearm to confront people who had earlier used a gun to rob him is not proof of an intention to kill.
Further, the gunshot wound was inflicted in an area of the body which would not indicate an intention to kill. The shot entered the right thigh of the victim, not the trunk and not the head. Only a single bullet wound was inflicted, not several. The coroner who performed the autopsy testified that the victim should have survived the wound.
After the shooting occurred, the victim refused medical treatment for several minutes. He refused to take even rudimentary steps to help his chances of survival, such as lying down and applying pressure to his wounds. Instead, he remained upright, walking around while bleeding.
After emergency personnel arrived, they made a very questionable judgment call as to their treatment. Instead of locating the wounds and applying pressure while transporting the victim to the hospital, they placed MAST pants or trousers on the victim. The result seems to have been to squeeze even more blood out of the victim while he was being transported to the hospital. The victim died from blood loss.
I do not doubt that Mr. Brust shot the victim and that the shooting was a proximate cause of the victim's death. As a result, I believe that Mr. Brust was guilty of involuntary manslaughter with a firearm specification, a serious felony in and of itself. However, I do not believe that the evidence supports a finding that Mr. Brust had a specific intention to cause the victim's death. I, therefore, would sustain the fourth assignment of error in part.
For the reasons set forth above, I respectfully dissent in part.